IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BUTTE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR 06-26-BU-DWM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| PHILIP DOMENICO, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

The Court referred the above-captioned matter to United States Magistrate Judge Jeremiah C. Lynch to conduct an evidentiary hearing on Defendant Philip Domenico's motion to suppress. Judge Lynch issued Findings and Recommendation on March 6, 2007, which required objections to be filed on or before March 8, 2007, at 12:00 noon. Defendant did not file objections and therefore is not entitled to de novo review of the record. 28 U.S.C. § 636(b)(1). This Court will review the Findings and Recommendation for clear error. McDonnell Douglas Corp. v.

Commodore Bus. Mach., Inc., 656 F.2d 1309, 1313 (9th Cir. 1981). Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed." United States v. Syrax, 235 F.3d 422, 427 (9th Cir. 2000).

Defendant seeks suppression of firearms discovered at his residence during a probation search on the ground that the firearms were fruits of an illegal interrogation. This Court previously determined the interrogation was illegal and suppressed statements made by Domenico to law enforcement officers at the Gallatin County Detention Facility. Judge Lynch recommended that the Court deny Domenico's motion to suppress the firearms pursuant to the inevitable discovery doctrine. Judge Lynch found Officer Chuck Juhnke's and Officer Chris Evans' testimony credible and determined the officers would have discovered the firearms at Domenico's residence based solely on information provided by Nita Davis. Although Judge Lynch did not find Davis' testimony to be credible, he determined, even accepting her testimony as accurate, the search was still lawful. In particular, Judge Lynch concluded, based on all the information officers possessed before they spoke to Domenico at the detention center, the officers had reasonable suspicion to search Domenico's entire residence. These findings and conclusions are not clearly erroneous, and thus, I adopt them in full.

### III.  Conclusion

Accordingly, IT IS HEREBY ORDERED that Judge Lynch's Findings and Recommendation are adopted in full.  Domenico's Motion to Suppress Evidence (dkt #7) is DENIED IN PART.[1]  The firearms seized from Domenico's residence will not be suppressed at trial.

Dated this 9th day of March, 2007.

_____
DONALD W. MOLLOY, Chief Judge
United States District Court

---

[1] This Court previously granted Domenico's motion to suppress in part, concluding that Domenico's statement to officers would be suppressed at trial.  See February 16, 2007 Order.